UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 14 CR 319 |
| v. | |
| JUN XU | Judge Virginia Kendall |

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, ANDREW S. BOUTROS, and defendant JUN XU, and his attorney, ROGER BURLINGAME, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charge in This Case

2. The superseding information in this case charges defendant with copyright infringement, in violation of Title 17, United States Code, Section 506(a)(1)(A) and Title 18, United States Code, Section 2319(b)(1).

3. Defendant has read the charge against him contained in the superseding information, and that charge has been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crime with which he has been charged.

### Charge to Which Defendant Is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the superseding information, which charges defendant with copyright

infringement, in violation of Title 17, United States Code, Section 506(a)(1)(A) and Title 18, United States Code, Section 2319(b)(1).

### Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charge contained in the superseding information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to Guideline § 1B1.3:

From in or about August 2010 through in or about October 2011, at Naperville, in the Northern District of Illinois, Eastern Division, and elsewhere, defendant JUN XU and Elecsurf Trading LTD., did willfully, for the purpose of private financial gain, infringe the copyrights of copyrighted works, that is Microsoft Corporation's Microsoft Windows 7 Ultimate, by the reproduction and distribution by electronic and physical means, including by means of the Internet and the United States Postal Service, during a 180-day period, of ten or more copies of one or more of the copyrighted works, which had a retail value of more than $2,500, in fact the loss to Microsoft was approximately $1.7 million.

More specifically, by at least August 2010, defendant and co-defendant Ke Gu sold Microsoft copyrighted software products and product keys that were specifically created for developers and testers of Microsoft products. At no time did defendant or Gu have authorization from Microsoft or anyone to sell any Microsoft copyrighted software products. Additionally, neither defendant nor Gu had authority from

Microsoft to issue the Microsoft Developer Network product keys for use with the software products that defendant and Gu sold without authorization.

Defendant owned and operated the websites www.elecsurf.com and www.pcdeal4u.com. Defendant also owned and used the email addresses admin@elecsurf.com, orders@pcdeal4u.com, and store@pcdeal4u.com, to conduct transactions and communicate with Gu. These websites sold various copyrighted Microsoft software products for sale at less than the manufacturer's suggested retail price. The websites were not authorized or licensed Microsoft retailers.

Customers who visited the websites were able to select which Microsoft copyrighted software products to purchase and then pay for the copyrighted software products via a credit card through the websites. Defendant accepted credit card payments for the software purchases through the websites and also maintained numerous personal and business bank accounts in his name and in the name of the websites.

Customers also could choose how they wished to receive the copyrighted software products—either via direct download from Microsoft using the unauthorized Microsoft Developer Network product keys or by paying an additional shipping charge for a physical disc to be mailed to them.

Once the purchase was completed through the websites, defendant, using one of the website email addresses, emailed the customer a confirmation of the customer's order. Defendant also included in the email Microsoft Developer Network product keys

for the copyrighted Microsoft software products, which were used to install the stolen software product.

If the customer chose to have a disc shipped instead of directly downloading the copyrighted software product, defendant informed customers that he would mail the customers a disc via United States Postal Service. Defendant sent Gu a list of names and addresses and the copyrighted software products to send. At defendant's direction, Gu then shipped the copyrighted software product discs from Gu's Naperville home. Gu used computers, printers, and disc duplicating towers to copy and ship the discs.

Specifically, after an order for a disc was placed by a customer, defendant informed Gu of which copyrighted software product the customer ordered and the customer's mailing address and instructed defendant to mail the copyrighted software product to the customer. Gu used defendant's Stamps.com account to pay the postage to mail the infringed software product to the customer through the USPS. The money from the purchases was deposited into defendant's bank accounts. Defendant then paid Gu for Gu's role in the copying and mailing of the infringed software products by depositing a portion of the proceeds from the orders into Gu's bank accounts.

From on or about August 25, 2010, to on or about August 29, 2011, defendant copied and distributed approximately 6,962 Microsoft software products, which he took without authorization and sold to customers. These sales of Microsoft products resulted in over $1.5 million in lost sales to Microsoft. Each of the Microsoft products sold was copyrighted work of Microsoft Corporation. Each sale was made without Microsoft's knowledge or authorization and infringed Microsoft's copyright work.

Defendant made these sales for private financial gain and during at least one 180-day period between August 2010 and August 2011, defendant sold more than ten copies of at least one Microsoft copyrighted work.

## Maximum Statutory Penalties

7. Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

    a. A maximum sentence of 5 years' imprisonment. This offense also carries a maximum fine of $250,000, or twice the gross gain or gross loss resulting from that offense, whichever is greater. Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

    b. Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

## Sentencing Guidelines Calculations

8. Defendant understands that, in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the

defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

9. For purposes of calculating the Sentencing Guidelines, the government's position as of the date of this Agreement is as follows:

   a. **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 1, 2024 Guidelines Manual.

   b. **Offense Level Calculations**.

      i. The base offense level is 8, pursuant to Guideline § 2B5.3(a).

      ii. The offense is increased by 16 levels, pursuant to Guideline §§ 2B5.3(b)(1)(B) and 2B1.1(b)(1)(I), because the loss amount from the offense was more than $1.5 million.

      iii. The offense is increased by 2 levels, pursuant to Guideline § 2B5.3(b)(3)(A), because the offense involved the uploading of infringing items.

      iv. The offense level is increased by 2 levels, pursuant to Guideline § 3B1.1(c), because defendant was an organizer, leader, manager, or supervisor.

v. The government understands that defendant will truthfully admit the conduct comprising the offense(s) of conviction and truthfully admit or not falsely deny any additional relevant conduct for which the defendant is accountable under Guideline § 1B1.3. Therefore, based upon facts now known to the government, defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

vi. In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

vii. **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

c.  **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the government anticipates the offense level to be 25 which, when combined with the anticipated criminal history category of I, results in an anticipated advisory sentencing guidelines range of 57 to 71 months' imprisonment, in addition to any supervised release and fine the Court may impose. Pursuant to Guideline § 5G1.1(a), the guideline sentence is 57 to 60 months' imprisonment, because the statutorily authorized maximum sentence is 60 months.

d.  Defendant and his attorney and the government acknowledge that the guidelines calculations set forth in this Agreement are preliminary in nature and are non-binding predictions upon which neither party is entitled to rely. Defendant understands the above calculations are based on information now known to the government and that further review of the facts or applicable legal principles may lead the government to change its position on the guidelines calculations. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the defendant's, the probation officer's, or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of a change in the government's position on the guideline calculations or the Court's rejection of these calculations.

10. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by the government prior to sentencing. The government may correct these errors by a statement to the Probation Office or the Court, setting forth any changes in the government's position regarding the guidelines calculations. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea on the basis of such corrections.

## Agreements Relating to Sentencing

11. The government agrees to recommend that the Court impose a sentence at some point below the applicable guideline range, with the specific recommendation to be determined after a review of the pre-sentence report.

12. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

13. Regarding restitution, defendant agrees to pay restitution, arising from the offense conduct set forth above, totaling $1,700,000, pursuant to Title 18, United States Code, Sections 3663(a)(3) and 3664.

14. Restitution shall be due immediately and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18,

United States Code, Section 3664(k), he is required to notify the Court and the United States Attorney's Office of any material change in economic circumstances that might affect his ability to pay restitution.

15. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

16. Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), and Title 31, United States Code, Sections 3711, 3716, and 3728, notwithstanding any payment schedule set by the Court. In the event of the death or dissolution of, or the government's inability to locate the named recipient(s) of restitution in the Judgment and Commitment Order, the defendant agrees to not oppose efforts by the government to obtain an order substituting as payee a representative of the victim's estate, another family member, or any other person or successor entity appointed as suitable by the court, or the Crime Victims Fund.

17. After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the indictment as to defendant.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

18. This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 14 CR 319.

19. This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

20. Defendant understands that, by pleading guilty, he surrenders certain rights, including the following:

   a. **Right to be charged by indictment.** Defendant understands that he has a right to have the charge prosecuted by an indictment returned by a concurrence of twelve or more members of a grand jury consisting of not less than sixteen and not more than twenty-three members. By signing this Agreement, defendant knowingly waives his right to be prosecuted by indictment and to assert at

trial or on appeal any defects or errors arising from the information, the information process, or the fact that he has been prosecuted by way of information.

  b. **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charge against him, and if he does, he would have the right to a public and speedy trial.

    i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

    ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

    iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

    iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the

judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

   v. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses, and his attorney would be able to cross-examine them.

   vi. At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

  c. At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

  d. **Waiver of appellate and collateral rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal his conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, in

13

exchange for the concessions made by the United States in this Agreement. In addition, defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel, nor does it prohibit defendant from seeking a reduction of sentence based directly on a change in the law that is applicable to defendant and that, prior to the filing of defendant's request for relief, has been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission.

e. Defendant understands that, by pleading guilty, he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

21. Defendant understands that he has the right to have the criminal charge in the superseding information brought within five years of the last of the alleged acts constituting the specified violation. By signing this document, defendant knowingly waives any right to have the charge in the superseding information brought against him within the period established by the statute of limitations. Defendant also knowingly waives any defense or claim based upon the statute of limitations or upon the timeliness with which the charge in the superseding information was brought.

## Presentence Investigation Report/Post-Sentence Supervision

22. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall endeavor to ensure that the relevant facts and sentencing factors, as applied to the facts, are brought to the District Court's attention fully and accurately, including facts related to the defendant's criminal conduct and related conduct, and any relevant information concerning the defendant's background, character, and conduct that the District Court may consider under 18 U.S.C. § 3661 in imposing a sentence.

23. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

24. For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation

Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Other Terms

25. Defendant agrees to cooperate with the United States Attorney's Office in collecting any ordered fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

26. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his guilty plea may entail, even if the consequence is his automatic removal from the United States.

## Conclusion

27. Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

28. Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

29. Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

30. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

31. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 08/01/2025

_____
ANDREW S. BOUTROS
United States Attorney

_____
JUN XU
Defendant

_____
SHAWN MCCARTHY
Assistant U.S. Attorney

_____
ROGER BURLINGAME
Attorney for Defendant